IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EUGENE SCALIA,<br>SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,<br><br>    Plaintiff,<br><br>    v.<br><br>RED LION HOME CARE, INC, SCOTT RACE<br>and STUART RACE,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 2:20-CV-3823<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

Plaintiff, Eugene Scalia, Secretary of Labor, United States Department of Labor ("Plaintiff"), brings this action to enjoin Red Lion Home Care, Inc., a company incorporated in Pennsylvania, Scott Race and Stuart Race, individually and as owner, officer, and manager of the aforementioned company, (collectively, "Defendants"), from violating the provisions of Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("the Act"), and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and an equal amount due to the employees of Defendants in liquidated damages.

1.  Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

2.  Defendant Red Lion Home Care, Inc., ("Red Lion") is a corporation duly organized under the laws of the Commonwealth of Pennsylvania. Red Lion's address and principal place of business is 300 Lancaster Avenue, Suite 104, Wynnewood, P.A. 19096, within

the jurisdiction of this Court. Red Lion is engaged in a domestic homecare business operating out of this same address, within the jurisdiction of this Court.

3. Defendant Scott Race is the co-owner and President of Red Lion. Scott Race directed employment practices and has directly or indirectly acted in the interest of Red Lion in relation to its employees at all relevant times herein, including hiring, firing, supervising, and setting the conditions of employment for employees. Scott Race's place of business is 300 Lancaster Avenue, Suite 104, Wynnewood, P.A. 19096, within the jurisdiction of this Court.

4. Defendant Stuart Race is the co-owner, Chief Executive Officer and Treasurer of Red Lion. Stuart Race directed employment practices and has directly or indirectly acted in the interest of Red Lion in relation to its employees at all relevant times herein, including hiring, firing, supervising, and setting the conditions of employment for employees. Stuart Race's place of business is 300 Lancaster Avenue, Suite 104, Wynnewood, P.A. 19096, within the jurisdiction of this Court.

5. The business activities of Defendants, as described herein, are and were related and performed through unified operation or common control for a common business purpose of providing in-home care to Red Lion's clients and constitute an enterprise within the meaning of Section 3(r) of the Act.

6. Defendants employ persons in domestic service for profit, which affects commerce per Section 2(a)(5) of the Act. Defendants' employees provide in-home care services to Red Lion's clients.

7. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the employees of Defendants are employed in an enterprise engaged in commerce within the meaning of Section 3(s)(1)(A) of the Act.

8.     Defendants willfully violated the provisions of Sections 7 and 15(a)(2) of the Act by employing their employees in an enterprise engaged in commerce or handling goods or materials that have been moved in or produced for commerce for workweeks longer that those prescribed in Section 7 of the Act without compensating said employees for employment in excess of the prescribed hours at rates not less than one and one-half times their regular rates. Therefore, Defendants are liable for the payment of unpaid overtime compensation and an equal amount of liquidated damages under Section 16(c) of the Act.

9.     For example, during the time period from at least September 24, 2016, through at least July 27, 2019, Defendants failed to compensate employees who worked over 40 hours in a workweek at rates not less than one and one-half times their regular rates. During this time period, these employees worked at least one hour in excess of forty per workweek.

10.    Defendants unlawfully manipulated the regular rate they paid their employees for non-overtime hours in order to ensure that these employees received, on average, the same hourly rate for all hours worked, regardless of whether the employee worked overtime.   In workweeks in which employees worked in excess of forty hours per workweek, Defendants lowered employees' regular hourly rates, which caused these employees' overtime premium rates to fall. The new lowered rates were calculated in an attempt to make the total pay (regular straight time plus overtime pay) approximately equivalent to all hours worked paid at straight time at the original regular rates.

11.    Defendants knew or recklessly disregarded their obligation to pay their employees one and one-half their regular rates for hours worked in excess of forty per workweek. Defendants informed their employees that they did not pay an overtime premium.  Defendants'

practice of manipulating the regular rate in overtime workweeks showed that they understood the requirement to pay time-and-a-half for overtime hours and that they were making an intentional effort to evade that requirement.

12. Prior to engaging in this practice of manipulating rates to avoid paying an overtime premium, Defendants paid their employees one and one half their regular rates when they worked more than 40 hours per workweek without artificially adjusting the regular rate. However, since at least September 24, 2016, Defendants began adjusting the regular rates in overtime workweeks. This also shows Defendants understood their obligation to pay overtime and were intentionally manipulating rates in order to avoid paying the required overtime premium.

13. Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that Defendants failed to make, keep, and preserve adequate and accurate records of their employees, which they maintained as prescribed by the regulations issued and found at 29 C.F.R. Part 516.

14. For example, due to their practices of lowering employees' regular rates in overtime workweeks and paying employees straight time for overtime, Defendants failed to keep and preserve payroll records for employees for at least three years, including accurate records of employees' regular hourly rates of pay, daily and weekly hours worked, total weekly straight-time earnings, and total weekly overtime premium pay. 29 C.F.R. §§ 516.2(a), 516.5(a).

15. Defendants also failed to maintain payroll records for certain employees in certain workweeks. Defendants were in possession of some employee payroll records but not the corresponding time records.

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants providing the following relief:

(1)     For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Act; and

(2)     For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid overtime compensation due to certain of Defendants' current and former employees listed in the attached Schedule A for the period from at least September 24, 2016, through at least July 27, 2019, and for an equal amount due to certain of Defendants' current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations continuing after July 27, 2019, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint, who may be identified during this litigation and added to Schedule A; or

(3)     In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with defendants, from withholding the amount of unpaid minimum wages and overtime compensation found due defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

| | |
|---|---|
| Mailing Address: | **UNITED STATES DEPARTMENT OF LABOR** |
| U.S. Department of Labor<br>Office of the Regional Solicitor<br>170 S. Independence Mall West<br>Suite 630E, The Curtis Center<br>Philadelphia, PA 19106 | Kate S. O'Scannlain<br>Solicitor of Labor<br><br>Oscar L. Hampton III<br>Regional Solicitor |
| (215) 861-5132 (voice)<br>(215) 861-5162 (fax) | Adam F. Welsh<br>Regional Counsel |
| atkinson.ryan.c@dol.gov | /s/Ryan C. Atkinson<br>By: Ryan C. Atkinson<br>NJ ID # 001342007 |
| Date: August 6, 2020 | Attorneys for Plaintiff |