IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EUGENE SCALIA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, <br><br> Plaintiff, <br><br> v. <br><br> RED LION HOME CARE, INC., SCOTT RACE and STUART RACE, <br><br> Defendants. | Case No. 2:20-cv-03823-PBT <br><br> **DEFENDANTS' ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO THE COMPLAINT** |

Defendants Red Lion Home Care Inc., Scott Race and Stuart Race (collectively "Defendants"), by and through their undersigned counsel, hereby answer the consecutively numbered paragraphs of the Complaint as follows:

As to the unnumbered introductory paragraph, Defendants admit that Plaintiff Eugene Scalia, Secretary of Labor, United States Department of Labor brings this action for alleged violations of Sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938 ("FLSA"), 29 US.C. §201 *et seq.* Defendants deny the alleged violations and deny that such relief is warranted, and deny any remaining allegations set forth in the introductory paragraph.

1. The allegations in paragraph 1 are legal conclusions to which no answer is required, and therefore are denied. Were a response required, Defendants do not contest this Court's jurisdiction over the claims alleged, but Defendants deny that they violated the FLSA.

2. Defendants admit that Red Lion Home Care Inc. ("the Company") is an in-home care agency, incorporated in Pennsylvania, with a place of business at 300 Lancaster Avenue, Suite 104, Wynnewood, Pennsylvania 19096. Defendants deny any remaining allegations set forth in paragraph 2.

3. Defendants admit that Defendant Scott Race is the President of the Company, and that he has an ownership interest in it. Defendants further admit that as President, Scott Race is engaged in overseeing certain portions of the business and certain employees. Defendants deny any remaining allegations set forth in paragraph 3.

4. Defendants admit that Defendant Stuart Race is the Chief Executive Officer of the Company, and that he has an ownership interest in it. Defendants further admit that as Chief Executive Officer, Stuart Race is engaged in overseeing certain portions of the business and certain employees. Defendants deny any remaining allegations set forth in paragraph 4.

5. Defendants admit that they are engaged in the in-home care business. The remaining allegations set forth in paragraph 5 are conclusions of law to which no answer is required, and were an answer required, Defendants deny the same.

6. Defendants admit that they employ individuals to provide in-home care services to clients. The remaining allegations set forth in paragraph 6 are conclusions of law to which no answer is required and were an answer required, Defendants deny the same.

7. Defendants admit that in recent years, the Company has had an annual gross volume of sales made or business done of over $500,000, but deny that this was true during 2016. The remaining allegations set forth in paragraph 7 are conclusions of law to which no answer is required and were an answer required, Defendants deny the same.

8. The allegations in paragraph 8 state conclusions of law to which no answer is required and were an answer required, Defendants deny the same. Defendants deny the remaining allegations set forth in paragraph 8.

9. Defendants admit that some employees worked more than 40 hours per week. The allegations of paragraph 9 state legal conclusions to which no answer is required, and were an

answer required, Defendants deny the same, and any remaining allegations set forth in paragraph 9.

10. The allegations in paragraph 10 state conclusions of law to which no answer is required and were an answer required, Defendants deny the same. Defendants deny the remaining allegations set forth in paragraph 10.

11. The allegations in paragraph 11 state conclusions of law to which no answer is required and were an answer required, Defendants deny the same. Defendants deny the remaining allegations set forth in paragraph 11.

12. Defendants admit that they paid overtime to employees. The allegations in paragraph 12 state conclusions of law to which no answer is required and were an answer required, Defendants deny the same. Defendants deny the remaining allegations set forth in paragraph 12.

13. The allegations in paragraph 13 state conclusions of law to which no answer is required and were an answer required, Defendants deny the same. Defendants deny the remaining allegations set forth in paragraph 13.

14. The allegations in paragraph 14 state conclusions of law to which no answer is required and were an answer required, Defendants deny the same. Defendants deny the remaining allegations set forth in paragraph 14.

15. Defendants deny the allegations set forth in paragraph 15.

16. In response to the unnumbered WHEREFORE clause that appears after paragraph 16, Defendants deny that Plaintiff is entitled to the remedies and relief sought, and deny the propriety of each and every prayer for request for relief and request that the Court deny the same.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants hereby state the following affirmative and additional defenses. By asserting these defenses, Defendants to not concede that they have the burden of proof as to any such defense, and plead them in the alternative to the extent that they are interpreted as being inconsistent.

1. The claims alleged fail to state a claim upon which relief can be granted.

2. To the extent that Plaintiff has failed to institute this action or assert the claims alleged within the time required under the applicable statute of limitations, the claims for relief are barred.

3. Plaintiff's claims are barred in whole or in part by the provisions of 29 U.S.C. §255(a) insofar as the conduct alleged does not amount to a willful violation of the FLSA, and a two-year, rather than a three-year, limitations period applies.

4. Plaintiff's claims are barred in whole or in part by the provisions of 29 U.S.C. §259, insofar as actions taken were done in good faith conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and/or written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

5. Plaintiff's claims for liquidated damages are barred in whole or in part by the provisions of 29 U.S.C. § 260, insofar as any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA.

6. Plaintiff's claims are barred in whole or in part because Defendants did not act knowingly or with reckless disregard that the alleged acts or omissions complained of were in

violation of the FLSA.

7. Plaintiff's claims are barred in whole or in part by the equitable defenses of laches, waiver, estoppel, set off, and/or unclean hands.

8. The Complaint is barred to the extent the individuals for whom back wages are sought have been fully paid all amounts legally owed by the Defendants.

9. The Complaint is barred to the extent that the individuals for whom back wages are sought have executed a compromise and release of any disputed claims asserted in this lawsuit.

10. The Complaint and each cause of action asserted therein are subject to the doctrine of accord and satisfaction and therefore any remedy or recovery to which Plaintiff and/or the individuals for whom back wages are sought might have been entitled must be denied or reduced accordingly.

11. Pending the conclusion of further investigation and discovery, Defendants respectfully reserve the right to plead other and additional defenses.

WHEREFORE, Defendants request that the Complaint be dismissed in its entirety, with prejudice, that judgment be entered in its favor and against Plaintiff and that the Court awards such other relief as is just and equitable.

Dated: October 14, 2020

Respectfully submitted,

*/s/ Martha J. Keon*

Martha J. Keon, (PA #207237)
LITTLER MENDELSON, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102.1321
Telephone: 267-402-3000
mkeon@littler.com

ATTORNEYS FOR DEFENDANTS
RED LION HOME CARE, INC., SCOTT RACE
AND STUART RACE

## CERTIFICATE OF SERVICE

I, Martha J. Keon, hereby certify that on the 14th day of October 2020, the foregoing document was filed using the Eastern District of Pennsylvania's ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon all counsel of record.

*/s/ Martha J. Keon*
Martha J. Keon

4818-7998-4078.3